Peck, Judge,
delivered the opinion of the court.
The only question material to be considered in the record before us is, whether the assignee of a note given as part consideration for a tract of land, gets by virtue of the assignment the lien which it is agreed existed before such assignment, in the assignor, against his vendee. There is no express agreement between these parties that the lien shall pass by virtue of the assignment.'— The lien itself is given by implication to the vendor in most cases; in this, however, it is said, the stipulation was at the time of sale of the land, that the purchase money should remain a lien.
That fact admitted, it would be going further than we *35 have any authority to give by implication, with the assignment, a transfer of the lien. Taking an assignment is proof where the paper is negotiable, that no such transfer was intended, because the assignment is in law considered a security or contract to pay the money if the maker failed. The stipulation ends here, and puts a negative upon the supposition that it was intended to pass any lien the assignor might have; for we cannot suppose that more is intended than the parties have expressed in their written contract.
It has, in our opinion, been well said, that establish the doctrine contended for, and much inconvenience will result. Many securities might be taken on the same sale; these may be negotiated through many hands; if the right passes to one it would to all: how under such circumstances could the case be presented? Must each bring his suit successively, as the right arises at different times, on a failure to coerce payment at law? Will the party have his election to go upon his assignment or upon his lien at pleasure? The lien if right at all in the hands of the assignee, is an equitable one, and we can clearly see, that the doctrine would lead to the most pernicious consequences to such as might take titles to lands; for the holder however remote from the vendee, who created the lien, might at a moment he least expected it, he subjected to pay a second time for his estate. To remove as far as possible obstacles from the transfer of estates unencumbered, and to quiet the bom fide holder, has been, and still is the policy of our law. On the subject of lien, therefore, we will apply no new principle, not being willing to hazard the consequences of extending it.
Aside from authority, these are the impressions of the court. But we have adjudications in accordance with this opinion. The very point arose and was settled in the case of White vs. Williams, (Paige’s N. Y. Rep. 506. Lien being a personal equitable right, it is not to *36 be presumed it has been parted with; it properly lies between vendor and vendee. See Mont, on Lien, 210, appendix.
In this view of the case, it is useless to consider whether or no Claiborne has a good title to the land; whether the agent exceeded his authority; or if there be fraud in the sale and transfer to Claiborne: these are all immaterial, when we consider that this complainant cannot sustain himself in the aspect he assumes before us. He has no grounds of equity. The decree must be reversed, and the bill dismissed.
Bill dismissed.